Quarles & Brady LLP
Firm State Bar No. 00443101
One South Church Avenue
Suite 1700
Tucson, AZ 85701-1621
TELEPHONE 520.770.8700

Attorneys for Plaintiffs
Deanna Conn (AZ Bar #015676)
deanna.conn@quarles.com
Dale F. Regelman (AZ Bar #014618)
dale.regelman@quarles.com
Nikia L. Fico (AZ Bar #025478)
nikia.fico@quarles.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Innovations in Cycling, Inc., an Arizona corporation d/b/a Genuine Innovations; and Anthony S. Hollars, an individual,<br><br>　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>ComStar International, Inc., a New York corporation,<br><br>　　　　　　　　Defendant. | NO.<br><br>**COMPLAINT FOR PERMANENT INJUNCTION AND DAMAGES FOR PATENT AND TRADEMARK INFRINGEMENT**<br><br>**JURY DEMAND** |

For their Complaint against ComStar International, Inc. ("Defendant"), Plaintiffs Innovations in Cycling, Inc. and Anthony S. Hollars, by their attorneys, Quarles & Brady, LLP, allege as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement pursuant to Title 35 of the United States Code by Plaintiffs Innovations in Cycling, Inc. d/b/a Genuine Innovations ("Innovations") and Anthony S. Hollars ("Hollars") for infringement of U.S. Patent No. 6,843,388.

QB\9708492.1

## THE PARTIES

2. Plaintiff Innovations is a corporation organized under the laws of Arizona, with a principal place of business at 2700 E. Bilby Road, Tucson, Arizona 85706.

3. Plaintiff Hollars is an individual having his primary residence in Tucson, Arizona.

4. On information and belief, Defendant ComStar International, Inc. is a corporation organized under the laws of New York, with a principal place of business at 20-45 128th Street, College Point, New York 11356.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121(a) because this action arises under the Constitution and the laws of the United States, including the patent laws enacted by Congress as set forth in Title 35, U.S.C. §§ 1 et seq. and the Lanham Act set forth in Title 15 U.S.C. §§ 1051 et seq.

6. This Court has personal jurisdiction over Defendant because the products that are infringing are advertised and sold within this judicial district.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTUAL ALLEGATIONS

8. On January 18, 2005, the U.S. Patent and Trademark Office issued U.S. Patent No. 6,843,388 B1 ("the '388 patent"), a copy of which is attached hereto as Exhibit A. The '388 patent describes and claims a compressed gas cartridge dispensing system, specifically a compressed gas cartridge dispensing system that is capable of dispensing both threaded and unthreaded $CO_2$ cartridges of various capacities.

9. Hollars is the sole inventor and owner of the entire right, title, and interest in the '388 patent entitled COMPRESSED GAS CARTRIDGE DISPENSING SYSTEM ALLOWING INTERCHANGEABLE USE OF DIFFERENT CAPACITY COMPRESSED GAS CARTRIDGES AND NOVEL STORAGE FEATURE. The '388 patent was duly and legally issued by the United States Patent and Trademark Office on

January 18, 2005. The '388 patent is still in force and effect and is presumed valid under U.S. patent laws.

10. Innovations is a world leader in high pressure valve technology design and manufacturing and has been developing CO2 products for over twenty years.

11. Innovations is the sole and exclusive licensee of the '388 patent.

12. Innovations has continuously used the trademark GENUINE INNOVATIONS in commerce since 1997 in connection with the sale of CO2 devices throughout the United States and internationally.

13. A federal registration for the mark GENUINE INNOVATIONS was obtained on August 8, 2006. A copy of the federal Trademark registration certificate is attached as Exhibit B.

14. Innovations has continuously used a design mark described as a stylized "i" encircled by a ring (the "Design Mark") in commerce since 1997 in connection with the sale of CO2 devices throughout the United States and internationally.

15. A federal registration for the Design Mark was obtained on August 29, 2006. A copy of the federal Trademark registration certificate is attached as Exhibit C.

16. Innovations' federal trademark registrations for GENUINE INNOVATIONS and the Design Mark (collectively "Innovations Marks") are valid and enforceable.

17. Since 1997, Innovations has invested considerable money in advertising and promoting the Innovations Marks throughout the United States and internationally.

18. The Innovations Marks are inherently distinctive, serving to identify and indicate the source and quality of Innovations' products to the consuming public, and to distinguish Innovations' products from those of other manufacturers.

19. As a result of Innovations' extensive use of the distinctive Innovations Marks, the Innovations Marks have become famous and well known in the channels of trade in the CO2 device industry.

20. Defendant is selling compressed gas cartridge dispensing systems in Arizona and worldwide under the name "CO2 Drain Blaster Gun."

21. Upon information and belief, Defendant is manufacturing the CO2 Drain Blaster Gun in China and then importing and distributing the CO2 Drain Blaster Gun in the United States.

22. The CO2 Drain Blaster Gun being sold by Defendant is a knock-off copy of Innovations' own product, the Ultraflate Plus.

23. An element by element comparison of the claims of the '388 patent and the CO2 Drain Blaster Gun indicates that the CO2 Drain Blaster Gun infringes certain claims of the '388 patent. For example, the CO2 Drain Blaster Gun has all the elements of claim 1 of the '388 patent.

24. Defendant, by making, using, offering for sale, selling, and/or importing the CO2 Drain Blaster Gun in the United States, has infringed and continues to infringe certain claims of the '388 patent.

25. In copying the Ultraflate Plus to make the CO2 Drain Blaster Gun, Defendant also copied the Innovations Marks. The CO2 Drain Blaster Gun is currently sold bearing marks identical to the Innovations Marks.

26. Defendant's use of the Innovations Marks is not authorized by Innovations.

27. Defendant's unauthorized use of the Innovations Marks is likely to cause mistake, and to deceive customers and potential customers as to the affiliation, connection, sponsorship, or association of Defendant's products and Innovations' products, or as to the origin, affiliation, sponsorship or approval of Defendant's products by Innovations.

28. Defendant's unauthorized use of the Innovations Marks falsely designates the origin of Defendant's products.

29. Defendant's unauthorized use of the Innovations Marks is likely to cause dilution of the distinct quality of the Innovations Marks and is causing such dilution.

30. Defendant's unauthorized use of the Innovations Marks enables Defendant to trade on and receive benefit and goodwill in the reputation of the Innovations Marks.

31. As a result of Defendant's unauthorized use of the Innovations Marks, Defendant is being unjustly enriched at Innovations' expense.

32. Defendant's acts, as alleged herein, constitute unfair and/or deceptive trade practices and/or acts of unfair competition.

33. Defendant's behavior in the preceding allegations was deliberate, willful, fraudulent, and/or in conscious disregard of Innovations' and Hollars' rights, and this action is therefore an "exceptional case" under 15 U.S.C. § 1117(a) and 35 U.S.C. § 285.

34. Unless Defendant's infringement and unfair and deceptive trade practices are not enjoined by this Court, these practices will continue, and will continue to cause irreparable injury to Innovations and Hollars and to the consuming public, for which there is no adequate remedy at law.

35. Defendant has purposefully directed its infringing activities at this forum by selling infringing products in Arizona, both directly and through established distribution channels.

## COUNT I

## CLAIM FOR DIRECT INFRINGEMENT OF THE '388 PATENT

36. Innovations and Hollars reallege and incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 35 of this Complaint.

37. Defendant has been and still is directly infringing the '388 patent under 35 U.S.C. § 271(a) by making, using, offering for sale, selling, and/or importing in the United States the CO2 Drain Blaster Gun which embodies the patented inventions.

38. Defendant's infringement has continued and will continue unless enjoined by this Court.

39. Defendant's infringement of the '388 patent has been intentional, willful, and with a reckless disregard for the rights of Innovations and Hollars.

40. As a result of Defendant's infringement, Innovations and Hollars have suffered substantial injury, including lost profits, for which Innovations and Hollars are entitled to damages adequate to compensate for Defendant's direct infringement.

1  41. In the alternative, Innovations and Hollars are entitled to a reasonable royalty to compensate for Defendant's direct infringement.

42. Defendant's intentional infringement warrants the assessment of increased damages pursuant to 35 U.S.C. § 284, and an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT II

## CLAIM FOR INDUCED INFRINGEMENT OF THE '388 PATENT

43. Innovations and Hollars reallege and incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 42 of this Complaint.

44. Innovations and Hollars are informed and believe that third party users of the CO2 Drain Blaster Gun are directly infringing claims of the '388 patent.

45. Defendant has been and still is indirectly infringing the '388 patent under 35 U.S.C. § 271(b) by actively inducing direct infringement by other persons who sell and/or use the CO2 Drain Blaster Gun which embodies one or more of the claims of the '388 patent, with knowledge of the '388 patent and with the knowledge and the intent that its actions would induce direct infringement by others.

46. Innovations and Hollars are informed and believe that by advertising, offering for sale, and selling the CO2 Drain Blaster Gun, Defendant has knowingly and intentionally caused third party sellers and users to infringe claims of the '388 patent.

47. Innovations and Hollars are informed and believe that Defendant's actions constitute active inducement of infringement under 35 U.S.C. § 271(b).

48. Innovations and Hollars are informed and believe that Defendant's active inducement of infringement will continue unless enjoined by this Court.

49. Defendant's induced infringement has been intentional, willful, and with a reckless disregard for the rights of Innovations and Hollars.

50. Defendant has caused Innovations and Hollars substantial injury, including lost profits, for which Innovations and Hollars are entitled to damages adequate to compensate them for Defendant's induced infringement.

51. In the alternative, Innovations and Hollars are entitled to a reasonable royalty to compensate them for Defendant's induced infringement.

52. Defendant's induced infringement warrants the assessment of increased damages pursuant to 35 U.S.C. § 284 and an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT III
## CLAIM FOR TRADEMARK INFRINGEMENT OF THE INNOVATIONS MARKS
## (LANHAM ACT § 32(1), 15 U.S.C. § 1114(1))

53. Innovations and Hollars reallege and incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 52 of this Complaint.

54. Defendant deliberately used, and is currently using in connection with the promotion and sale of $CO_2$ devices trademarks that are identical to Innovations' GENUINE INNOVATIONS trademark and Design Mark.

55. Defendant's use in commerce of designations, whether as trademarks, trade names, or design marks that are identical to Innovations' GENUINE INNOVATIONS trademark and Design Mark in connection with the promotion and sale of $CO_2$ devices is likely to cause confusion, mistake, or to deceive in violation of 15 U.S.C. § 1114(1).

56. Defendant's acts, as alleged herein, have caused, and unless enjoined will continue to cause, irreparable harm and injury to Innovations' GENUINE INNOVATIONS trademark and Design Marks, business reputation, and goodwill for which there is no adequate remedy at law.

57. As a consequence of Defendant's use in commerce of designations, whether as trademarks, trade names, or design marks that are identical to Innovations' GENUINE INNOVATIONS trademark and Design Mark in connection with the promotion and sale of $CO_2$ devices, Innovations has suffered damages in an amount to be proven at trial.

# COUNT IV

## CLAIM FOR FALSE DESIGNATION OF ORIGIN

### (LANHAM ACT § 43(a), 15 U.S.C. § 1125(a))

58.     Innovations and Hollars reallege and incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 57 of this Complaint.

59.     Defendant deliberately used, and is currently using in connection with the promotion and sale of $CO_2$ devices trademarks that are identical to Innovations' GENUINE INNOVATIONS trademark and Design Mark.

60.     Defendant's use in commerce of designations, whether as trademarks, trade names, or design marks that are identical to Innovations' GENUINE INNOVATIONS trademark and Design Mark in connection with the promotion and sale of $CO_2$ devices is likely to confuse, mislead, or deceive consumers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendant's products and services.

61.     Defendant's acts, as alleged herein, constitute false designation of origin in violation of 15 U.S.C. § 1125(a).

62.     Defendant's acts, as alleged herein, have caused, and unless enjoined will continue to cause, irreparable harm and injury to Innovations' GENUINE INNOVATIONS trademark and Design Marks, business reputation, and goodwill for which there is no adequate remedy at law and, therefore, Innovations is entitled to injunctive relief under 15 U.S.C. §§ 1116, 1118.

63.     As a consequence of Defendant's use in commerce of designations, whether as trademarks, trade names, or design marks that are identical to Innovations' GENUINE INNOVATIONS trademark and Design Mark in connection with the promotion and sale of $CO_2$ devices, Innovations has suffered damages in an amount to be proven at trial.

64.     Defendant has knowingly used designations, whether as trademarks, trade names, or design marks that are identical to Innovations' GENUINE INNOVATIONS trademark and Design Mark in connection with the promotion and sale of $CO_2$ devices

and, therefore, this case is exceptional within the meaning of 15 U.S.C. § 1117(a), entitling Innovations to recover three times the amount of damages and recover its reasonable attorneys' fees.

### **REQUEST FOR RELIEF**

WHEREFORE, Innovations and Hollars respectfully request judgment and relief against Defendant as follows:

A. A judgment that Defendant has directly infringed and continues to infringe the '388 patent;

B. A judgment that Defendant's infringement of the '388 patent is willful;

C. A judgment against Defendant awarding Innovations and Hollars damages adequate to compensate for Defendant's infringement of the '388 patent, but in no event less than a reasonable royalty on Defendant's use of Hollars' invention;

D. A judgment that Innovations' and Hollars' damages be trebled pursuant to 35 U.S.C. § 284 and that punitive damages be assessed against Defendant;

E. A permanent injunction against Defendant, its subsidiaries, affiliates, parents, successors, assignees, officers, agents, servants, employees, and all persons acting in concert or in participation with them, or any of them, pursuant to 35 U.S.C. § 283, preventing Defendant and any such entity from infringing, contributing or inducing the infringement of the '388 patent and specifically from directly or indirectly making, using, marketing, advertising, offering for sale, importing, or selling and distributing products embodying the claimed invention of the '388 patent without express written authority of Innovations and Hollars, and that Defendant be ordered to deliver to Innovations and Hollars for destruction at Innovations' and Hollars' option, Defendant's entire inventory of products that infringe or contribute to the infringement of the '388 patent;

F. A judgment that this is an exceptional case under 35 U.S.C. § 285 and that Innovations and Hollars be awarded attorneys' fees and costs;

G. A permanent injunction against Defendant and its officers, directors, partners, agents, representatives, shareholders, employees, affiliates and all others acting

1   in concert with Defendant preventing Defendant and any such entity from using without
2   Innovations' authorization the GENUINE INNOVATIONS trademark or the Design
3   Mark, or any mark or name in connection with the sale of CO2 devices that is confusingly
4   similar to Innovations' GENUINE INNOVATIONS trademark or Design Mark;
5       H.    A judgment that Innovations' damages be trebled in accordance with
6   15 U.S.C. § 1117;
7       I.    An order for an accounting by Defendant of any profits, gains and
8   advantages derived in any way from its wrongful acts in connection with the use of
9   Innovations' trademarks;
10      J.    An award to Innovations of any amount by which Defendant has been
11  unjustly enriched as a result of its wrongful use of Innovations' trademarks;
12      K.    An award of pre-judgment interest on any damages award; and
13      L.    Granting such other and further relief as the Court deems just and proper.

**DEMAND FOR A JURY TRIAL**

Innovations and Hollars hereby demand a trial by jury in this action on all claims and issues triable before a jury.

RESPECTFULLY SUBMITTED this 11th day of March, 2010.

        QUARLES & BRADY LLP
        One South Church Avenue, Suite 1700
        Tucson, Arizona 85701-1621

        By   s/Deanna Conn
            Deanna Conn
            Dale F. Regelman
            Nikia L. Fico

        Attorneys for Plaintiffs